**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
[additional counsel listed on signature page]

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALBION, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ................................................................1

II.     NATURE OF THE ACTION ..................................................................2

III.    PARTIES .................................................................................................3

IV.     FACTUAL ALLEGATIONS ...................................................................3

A.      Defendant sells artificially-flavored sugar-liquid labeled as if it were natural. ........3

B.      The Products are not "Pure." .................................................................4

C.      Defendant conceals that the Products are artificially flavored. ...................5

D.      Defendant's competitors label their products lawfully. ............................12

E.      Plaintiff's and Class Purchases of the Products..........................................12

V.      DELAYED DISCOVERY......................................................................14

VI.     CLASS ACTION ALLEGATIONS ......................................................15

VII.    CAUSES OF ACTION.........................................................................18

        FRAUD BY OMISSION ......................................................................18

        NEGLIGENT MISREPRESENTATION............................................19

        VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES
        ACT .....................................................................................................20

        VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
        (UNLAWFUL PRONG) .......................................................................21

        VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW .................22

        (UNFAIR PRONG) ..............................................................................22

        VIOLATION OF THE FALSE ADVERTISING LAW .........................25

        BREACH OF EXPRESS WARRANTIES.............................................26

        BREACH OF IMPLIED WARRANTIES .............................................27

VIII.   PRAYER FOR RELIEF .......................................................................28

IX.     JURY DEMAND...................................................................................29

William Albion ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby brings this action against The Kraft Heinz Company ("Kraft"), alleging that certain products manufactured, packaged, labeled, advertised, distributed and sold by Defendant are misbranded, falsely advertised, and violate consumer protection laws, and upon information and belief and investigation of counsel alleges as follows:

## I.     **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.     The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

3.     This Court has both general and specific personal jurisdiction over the Defendant.

4.     The Court has personal jurisdiction over Defendant because its Crystal Light products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant engaged in substantial activity with the State of California.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Crystal Light products at issue in this action in this judicial district, and it conducts business within this judicial district. Plaintiff also purchased the Product within this District.

CLASS ACTION COMPLAINT

## II.   NATURE OF THE ACTION

6.     This is a consumer class action for violations of warranty, negligent and intentional misrepresentations/omissions and consumer protection laws, with a California class for violation of California consumer protection laws.

7.     Defendant manufactures, packages, distributes, advertises, markets, and sells fruit-flavored beverage products under the trade name "Crystal Light" (the "Products").

8.     These Products are falsely advertised in California.

9.     First, the Products' labels convey to the consumer that these are healthy, natural beverages, brimming with healthful fruit juices.

10.    This is simply false.

11.    The Products consist of water and malic acid and contains none of the juice of the fruit the Products are named for.

12.    For example, Defendant's Crystal Light Liquid "Berry Sangria" does not contain the juice of any oranges, strawberries, blueberries, raspberries, or the apples that are pictured on the front label.

13.    Instead, Defendant covers up the lack of actual fruit juice in the Products by instead adding artificial flavoring but conceals this fact from consumers.

14.    The Products are labeled as if they are flavored only with natural ingredients when in fact the Products are artificially flavored.

15.    Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium, 'all natural' product with natural flavoring ingredients instead of a product that is artificially flavored.

16.    For example, Defendant's front label states that it contains "Natural Flavor with Other Natural Flavor" but this is false.

17.    Plaintiff, who was deceived by Defendant's unlawful conduct and purchased one or more of the Products multiple times in California during the proposed Class Period, brings this action, on her own behalf and on behalf of California and nationwide consumers similarly situated, to remedy Defendant's unlawful acts.

CLASS ACTION COMPLAINT

18. On behalf of the Class as defined herein, Plaintiff seeks an order compelling Defendant to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of California law; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to fully inform California consumers; (4) award Plaintiff and other Class-members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorney fees.

## III.  <u>PARTIES</u>

19. Defendant The Kraft Heinz Company ("Kraft" or "Defendant") manufactures, packages, labels, advertises, markets, distributes, and sells the Products in California and throughout the United States.

20. The Kraft Heinz Company is a Delaware corporation with its headquarters and principal place of business in Pittsburg, Pennsylvania.

21. Plaintiff William Albion ("Plaintiff") is a resident and citizen of Bermuda Dunes, California who purchased the Products periodically during the Class Period since 2011 in California for personal and household consumption.

## IV.  <u>FACTUAL ALLEGATIONS</u>

**A.** <u>**Defendant sells artificially-flavored sugar-liquid labeled as if it were natural.**</u>

22. The Products' labels convey to California consumers that they are purchasing a healthful, natural product made from fresh fruits.

23. The Products, however, are almost entirely malic acid water, with no fruit juice or a small amount of fruit juice added for color and texture.

24. Some of the Products consist primarily of water and malic acid and do not contain any juice from the fruit for which the Products are named.

25. Crystal Light's "Berry Sangria" for example, does not contain any fruit or actual juice from each of the berries, oranges, blueberries, apples, or strawberries featured on the Product's front label.

26. The Products are instead artificially flavored to resemble the fruit juices they

3

are labeled to represent.

27.    Instead of healthful fruit juice, the Products instead contain massive amounts of refined sugar. The "Grape" Product, for example, is primarily comprised of sugar.

28.    The Products' labels mislead consumers into thinking they are buying a healthful blend of fruit instead of artificially-flavored sugar-liquid.

### B.   The Products are not "Pure."

29.    When describing their Crystal Light "Pure" products, Defendant states on their website, "Shouldn't Everything You Drink Be Pure? Imagine a drink that's sweetened naturally. That's the beauty of Crystal Light Pure. No artificial flavors."[1]

30.    The Products are not "pure" and natural and are primarily made from malic acid and sugar.

31.    In fact, the amount of refined sugar in the Products depletes the body of antioxidants and blocks vitamin and mineral absorption and healthful benefits.

32.    Excess sugar consumption damages cells and promotes nutrient deficiency.[2]

33.    Excess sugar consumption depletes vitamins and minerals, including those necessary for beneficial antioxidant health effects. Excess sugar consumption prevents antioxidant vitamins and minerals from working effectively in the body.

34.    Excess sugar consumption interferes with the body's metabolism of vitamins including vitamin C.

35.    Excess sugar consumption also depletes and blocks the absorption of vitamin D, calcium, magnesium, potassium, and chromium.

---

[1]   http://www.kraftrecipes.com/products/crystal-light-pure-grape-1997.aspx  (last visited: September 28, 2018).

[2] J. DiNicolantonio, A. Berger; "Added sugars drive nutrient and energy deficit in obesity." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4975866/; (last visited March 22, 2018).

4

CLASS ACTION COMPLAINT

36.    Excess sugar consumption depletes thiamine, riboflavin, niacin, and cellular phosphate necessary for energy metabolism.

37.    Far from being healthy, pure, or natural, the Products, instead, contribute to the depletion of all these nutrients from the human body.

38.    Defendant misleadingly label the Products as if they contain healthful fruit and supply healthful vitamins, when in fact they consist largely of sugar-liquid, the excess consumption of which interferes with the proper metabolism of those vitamins.

### C. Defendant conceals that the Products are artificially flavored.

39.    Defendant not only misleadingly label the Products as if they were healthful fruit juice instead of sugar-water, Defendant also unlawfully conceals from California consumers that the Products are artificially flavored.

40.    To disguise the fact that the Products consist largely of sugar-water, Defendant adds artificial flavoring that mimics the sensory impression of fruit juice.

41.    California consumers, like American consumers nationwide, seek out natural food products and are willing to pay significantly more for such products when compared to food products with artificial ingredients.[3]

42.    Products that contain only natural ingredients thus command a price premium compared to similar products that contain synthetic ingredients such as artificial flavors.

43.    To appeal to consumers who seek out natural food products and are willing to pay more for them, Defendant labels and advertises the Products as if they were exclusively naturally-flavored.

44.    Defendant's "Berry Sangria" Product label, for example, shows life-like pictorial representations of ripe, juicy berries.

45.    Below is a true and accurate representation of Crystal Light's Liquid "Berry

---

[3] "*Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

CLASS ACTION COMPLAINT

Sangria" Product label.



46.    The Product's name, "Crystal Light Berry Sangria", along with the pictorial representations of life-like ripe berries, oranges, and apples by operation of California law communicates and warrants to the consumer that the Product is flavored only with natural fruit juices or flavors.

47.    Below is a true and accurate representation of Crystal Light's Pure "Tropical Blend" Product label.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



48.     The Product's name, "Pure Tropical Blend", along with the pictorial representations of life-like ripe mangoes, oranges, and blackberries by operation of California law communicates and warrants to the consumer that the Product is flavored only with natural fruit juices or flavors.

49.     This is false. The Products are artificially flavored.

50.     Each of the Products contain an ingredient identified as "malic acid."

51.     The malic acid that Defendant uses in these Products is d-l malic acid, a synthetic petrochemical added to the Products to simulate the flavor of real fruit.

52.     Defendant adds synthetic d-l malic acid to the Products to simulate the "tart taste" of fresh fruit and conceal the fact that the Products are primarily water, malic acid, and does not contain fruit juice.

CLASS ACTION COMPLAINT

53.    All of the Products contain the same undisclosed artificial flavoring.

54.    All of the Products' labels violate California law in multiple ways.

55.    First, because the Products contain artificial flavoring ingredients that simulate and reinforce the Products' characterizing flavors, the front labels are required by law to prominently disclose that artificial flavoring. Failing to do so falsely informs the consumer that the Products are flavored only with natural juices or flavors. Cal. Health & Saf. Code § 109875, *et seq.*, (Sherman Law), incorporating 21 C.F.R. § 101.22.[4]

56.    Second, the Products violate California and federal law because the labels incorrectly identify the artificial flavoring ingredient only as a generic "malic acid" instead of using the specific, non-generic name of the ingredient, d-l malic acid. *See* 21 C.F.R. § 101.4(a)(1).

57.    There is a different, naturally-occurring form of malic acid found in some fruits and vegetables.

58.    Defendant does not use this type of malic acid; they instead add an industrial chemical called d-l malic acid[5] in the form of a racemic mixture of d- and l-isomers.

59.    This type of 'malic acid' is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

60.    Both the natural and unnatural forms of malic acid are considered "GRAS"

---

[4] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code § 109875, *et seq.*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate FDCA regulations necessarily therefore violates California's Sherman Law. *Id*. at § 110100. Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

[5] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

CLASS ACTION COMPLAINT

(generally recognized as safe) for use as flavorings in foods marketed to adults[6]; the d-malic acid form, however, has never been extensively studied for its health effects in human beings.

61.    Defendant uses the artificial petrochemical d-l malic acid in its Products but pretend otherwise, conflating the natural and the artificial flavorings, misbranding the Products and deceiving consumers.

62.    Because the Products contain artificial flavoring, California law requires the Products to display both front- and back-label disclosures to inform consumers that the Products are artificially flavored.

63.    The Products have neither of the required disclosures.

64.    California law, incorporating U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors. 21 C.F.R. § 102.5(a).

65.    Any recognizable primary flavor identified directly or indirectly on the front label of a food Product, whether by word, vignette, depiction of a fruit, or other means is referred to as a "characterizing flavor".

66.    Each of the fruits and berries represented on the Products' front labels, either in text or in recognizable pictures, are considered primary recognizable flavors and are therefore characterizing flavors for each Product.

67.    If a food product's characterizing flavor is not created exclusively by the named flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either natural or artificial flavorings or both. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the front label must prominently inform consumers that the product is "Artificially

---

[6] The d-l form of malic acid, the one used by Defendant, is forbidden for use in baby foods out of health concerns if consumed by infants.

CLASS ACTION COMPLAINT

Flavored."[7]

68.     A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . .  and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food."[8]

69.     Such statement must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

70.     The synthetic d-l malic acid in the Products simulates, resembles, and reinforces the characterizing fruit flavors for all of the listed Products.

71.     Under California statutory labeling requirements as well, Defendant was required to place prominently on the Products' front labels notice sufficient to allow California consumers to understand that the Products contained artificial flavorings.

72.     Defendant failed to do so, deceiving consumers and violating California law.

73.     Plaintiff and the Class were unaware that the Products contained artificial flavoring when they purchased them.

74.     When purchasing the Products, Plaintiff and the Class were seeking products of particular qualities, ones that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

75.     Plaintiff is not alone in these purchasing preferences. As reported in Forbes Magazine, eighty-eight percent (88%) of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[9]   Forty-one percent (41%) of

---

[7] California's Sherman Law, incorporating 21 C.F.R. § 101.22(i) (3), (4).
[8] California's Sherman Law, incorporating 21 C.F.R. § 102.5(c).
[9] "*Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-

CLASS ACTION COMPLAINT

consumers rated the absence of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[10]

76.    John Compton, a Fortune 50 food and beverage industry CEO, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating, "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be all natural."

77.    Defendant's labeling and advertising reflects these consumer preferences — not by making the Products with only natural ingredients, but instead by concealing the fact that the Products contain artificial flavors.

78.    Table1, below, lists the Products included in this Action.

### Table 1: The Products

| Crystal Light Pure Tropical Blend | Crystal Light Pure Grape |
| Crystal Light Liquid Berry Sangria | Crystal Light Peach Mango Green Tea |

79.    Each of these Product's labels deceived consumers into paying a price premium for an artificially-flavored product that was worth less than the naturally-flavored product promised by the labels.

80.    California's Health & Safety Code states that "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  Cal. Health & Saf. Code § 110740.

81.     California law therefore required Defendant to include on the Products' labels a notice alerting California consumers that the Products are artificially flavored.

---

want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

[10] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/ nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20- %20January%202015.pdf; (last visited March 22, 2018)

11

CLASS ACTION COMPLAINT

82.     Defendant failed to do so.

83.     Because the Products violated California law, they were misbranded and illegal to advertise, transport, distribute, or to sell in California. Cal. Health & Saf. Code § 110740; § 110760; § 110765.

84.     Plaintiff lost money as a result of Defendant's conduct because he paid a price premium for a product that contained undisclosed artificial flavors when he sought to purchase a naturally-flavored product.

### D. **Defendant's competitors label their products lawfully.**

85.     Kraft not only deceives consumers but also gains an unfair commercial advantage in the marketplace by labeling the Products deceptively.

86.     Manufacturers of competing beverage products label their products lawfully.

87.     Competing manufacturers correctly label their artificially-flavored beverage products as "Artificially Flavored."

88.     Other competing manufacturers, offering products whose labels suggest just as Defendant's do that their products are naturally flavored, truly are flavored only with natural ingredients.

89.     Defendant, however, conceals their use of artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting competitors as well as consumers.

90.     Defendant's conduct injures competing manufacturers that do not engage in the same illegal behavior. These manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars. Defendant's competitors do so lawfully. Defendant does not.

### E. **Plaintiff's and Class Purchases of the Products.**

91.     Plaintiff purchased the Products in California during the Class Period as defined herein.

92.     Plaintiff purchased Crystal Light Products periodically since 2011. Plaintiff's most recent purchase was in August 2018 at Walmart located on 44100 Jefferson, Indio, CA 92201.

93.     The Products were purchased at the marked retail prices, typically between $3.52 for a single package and $29.80 for a pack of six.

94.     Plaintiff first discovered Defendant's unlawful acts described herein in September 2018, when he learned the Products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

95.     Plaintiff was deceived by and relied upon the Products' deceptive labeling, and specifically the omission of the fact that these Products contain artificial flavoring. Plaintiff purchased these Products believing they were naturally-flavored, based on the Product's deceptive labeling and failure to disclose that it was artificially flavored.

96.     Neither Plaintiff nor any of the Class members, as reasonable consumers, are required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that a product's front label is false and misleading, or to search the label for information that federal and state regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately place on the Products' labeling.

97.     Defendant, but not Plaintiff or the Class, knew that this labeling was in violation of state law.

98.     Because Plaintiff reasonably assumed the Products to be free of artificial flavoring, based on the Product labels, when they were not, he did not receive the benefit of his purchases. Instead of receiving the benefit of products free of artificial flavoring, he received Products that were unlawfully labeled so as to deceive the consumer into believing that they were exclusively naturally flavored and contain no artificial flavoring, in violation of federal and state labeling regulations.

99.     Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated California law, Plaintiff would not have been injured.

100.    The Product was worth less than what Plaintiff paid for it and Class members would not have paid as much as they have for the Products absent Defendant's false and misleading statements and omissions.

101.    Plaintiff and the Class members paid a price premium for each of the Products that they purchased. That price premium will be determined by the fact finder at trial based on evidence adduced then. The anticipated price premium is significantly less than the full retail price of the Products.

102.    Plaintiff and the Class therefore lost money in the amount of the price-premium paid as a result of Defendant's unlawful behavior. Plaintiff and Class members altered their position to their detriment and suffered loss in an amount equal to the amount of the price premium when they paid for the Product.

103.    Plaintiff intends to, desires to, and will purchase the Products again when he can do so with the assurance that Products' labels, which indicate that the Products are naturally-flavored, are lawful and consistent with each Product's ingredients.

## V.    **DELAYED DISCOVERY**

104.    Plaintiff did not discover that Defendant's labeling of the Products was false and misleading until September 2018 when he learned the Products contained undisclosed artificial flavoring.

105.    Plaintiff is a reasonably diligent consumer who exercised reasonable diligence in her purchase and consumption of the Products. Nevertheless, he would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, he relies on and is entitled to rely on the manufacturer's obligation to label its products in compliance with state law. Furthermore, Defendant's labeling practices and non-disclosures—in particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the Products contained artificial

14

flavoring, or to accurately identify the kind of malic acid that Defendant puts in the Products—impeded Plaintiff's and Class members' abilities to discover the deceptive and unlawful labeling of the Product throughout the Class Period.

106. Because Defendant actively concealed their illegal conduct by mislabeling the malic acid ingredient in the Products, preventing Plaintiff and the Class from discovering their violations of state law, the Class is entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VI.    CLASS ACTION ALLEGATIONS

107. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

108. The nationwide Class is defined as follows:

> All U.S. citizens who purchased the Product in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendants and Defendants' officers, directors, employees, agents and affiliates, and the Court and its staff.

109. The California Class is defined as follows:

> All California citizens who made retail purchases of the Products in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendants and Defendants' officers, directors, employees, agents and affiliates, and the Court and its staff.

110. During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled. Defendant failed to label the Products as required by California law.

111. During the Class Period, Class members purchased the misbranded Products, paying a price premium for those Products compared to similar products lawfully labeled.

112. The proposed Class meets all criteria for a class action, including numerosity,

15

commonality, typicality, predominance, superiority, and adequacy of representation.

113.   This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believe that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

114.   The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result, purchasing Products that were illegal to sell in California.

115.   The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase prices which are generally under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

116.   Because Defendant's misrepresentations were made on the label of the Products, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

117.   The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as he seeks relief for the Class, her interests do not conflict with the interests of the Class members, and he has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

CLASS ACTION COMPLAINT

118.   There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

119.   Questions of law and fact common to Plaintiff and the Class include:

a.   Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Product;

b.   Whether Defendant's labeling omissions and representations constituted false advertising under California law;

c.   Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

d.   Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

e.   Whether Defendant's label statements claiming solely natural flavorings was an affirmative representation of the Product's composition and conveyed an express warranty;

f.   Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

g.   Whether the statute of limitations should be tolled on behalf of the Class;

h.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

i.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

120.   Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

121.   Defendant has acted on grounds applicable to the entire Class, making final

17

CLASS ACTION COMPLAINT

injunctive relief or declaratory relief appropriate for the Class as a whole.

122. Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

123. Class damages will be adduced at trial through expert testimony and other competent evidence.

124. California law holds that the price-premium consumers paid for the falsely-advertised Products, as a percentage of the Products' retail prices, is a proper measure of Class damages.

125. Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

126. On information and belief, based on publicly-available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and Product revenues for sales to the Class in California during the proposed Class Period, exceeds $5 million.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FRAUD BY OMISSION

### Cal. Civ. Code §§ 1709-1710

### and the common law of all states

### (on behalf of the Nationwide Class and the California Class)

127. Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

128. Plaintiff brings this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

129. Defendant actively concealed material facts, in whole or in part, with the

18

intent to induce Plaintiff and the members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

130.   Plaintiff and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

131.   Plaintiff and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

132.   Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class members as they would not have purchased the products at all if all material facts were properly disclosed.

## SECOND CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### Cal. Civ. Code §§ 1709-1710

### and the common law of all states

### (on behalf of the Nationwide Class and the California Class)

133.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

134.   Plaintiff brings this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, et seq. and the common law of all states. The elements of negligent misrepresentation are substantially similar from state to state, thus making nationwide class certification appropriate.

135.   Defendant had a duty to disclose to Plaintiff and the Class members the existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiff and the Class members such that reliance by Plaintiff and the Class members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

19

CLASS ACTION COMPLAINT

136.   During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the products, including the existence of artificial flavoring ingredients.

137.   Defendant was careless in ascertaining the truth of their representations in that they knew or should have known that Plaintiff and the Class members would not have realized the true existence of artificial flavoring ingredients in the Products.

138.   Plaintiff and the Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

139.   Plaintiff and the Class members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

#### CAL. CIV. CODE §§ 1750, *et seq.*

#### (on behalf of the California Class)

140.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

141.   The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

142.   Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code   § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

143.   Defendant's failure to label the Products in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

144.   Defendant's conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

145.   As a result of Defendant's violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been labeled truthfully, and in the form of the reduced value of the Products purchased compared to the Products as labeled and advertised.

146.   On or about September 21, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiff sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.

147.   Wherefore, Plaintiff seeks injunctive relief for Defendant's violations of the CLRA.  If Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend their complaint to add a claim for damages under the CLRA.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## (UNLAWFUL PRONG)

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (on behalf of the California Class)

148.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

149.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent"

21

business practice.  Section 17200 specifically prohibits any "unlawful . . . business act or practice."

150.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

151.   Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

152.   Among other violations, Defendant's conduct in unlawfully packaging and labeling and distributing the Product in commerce in California violated U.S. FDA and California packaging and labeling regulations.

153.   The Products' front labels fail to disclose that they contain synthetic artificial flavoring and are not flavored with and do not contain any or all of the natural fruits shown on the labels, in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

154.   The Products contain d-l-malic acid.  The d-l-malic acid is a flavoring material that creates, simulates, and reinforces the Products' characterizing fruit flavors.

155.   The d-l-malic acid in the Products is not derived from a natural material as defined in 21 C.F.R. § 101.22 and is therefore by law artificial flavors.

156.   Defendant fails to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

157.   Defendant's practices are therefore unlawful as defined in Section 17200 of the California Business & Professions Code.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (UNFAIR PRONG)

CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (on behalf of the California Class)

158.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

159.   Section 17200 of the California Business & Professions Code ("Unfair

CLASS ACTION COMPLAINT

Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

160.   Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

161.   While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

162.   Defendant's conduct with respect to the labeling, advertising, and sale of Defendant's high-sugar juice beverages was also unfair to consumers because it allows Defendant to sell the Products to consumers who otherwise would not purchase a product high in added sugars that contributes to excessive sugar consumption.  The consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

163.   Defendant's conduct also injures competing food product manufacturers, distributors, and sellers, that do not engage in the same unfair and unethical behavior.

164.   Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

165.   Plaintiff's purchases and all Class members' purchases of the Products all took place in California.

166.   Defendant labeled the Products in violation of federal regulations and California law requiring truth in labeling.

167.   Defendant consciously failed to disclose material facts to Plaintiff and the Class in Defendant's advertising and marketing of the Products.

CLASS ACTION COMPLAINT

168.   Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

169.   Defendant's conduct is also "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22, which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

170.   Defendant intended that Plaintiff and the Class rely on Defendant's acts and omissions to induce them to purchase the Products.

171.   Had Defendant disclosed all material information regarding the Products, Plaintiff and the Class would not have purchased the Products or would only have been willing to pay less for the Products than they did.

172.   Plaintiff suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising:  they were denied the benefit of the bargain when they purchased the Products based on Defendant's violation of the applicable laws and regulations, and purchased the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

173.   The acts, omissions, and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, the price premium of monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

174.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

CLASS ACTION COMPLAINT

175.    Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to return to the Class the amount of money improperly collected.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE FALSE ADVERTISING LAW

#### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

#### (on behalf of the California Class)

176.    Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

177.    Defendant made and distributed, in California and in interstate commerce, Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food labeling regulations.

178.    The Products' labeling and advertising in California presents the Products as if they were solely naturally-flavored and contain the natural fruit(s) shown on the labels.

179.    Under California's False Advertising Law ("FAL"), Business and Professions Code    § 17500 *et seq.*,

"It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

180.    Defendant's labeling and advertising statements on the Products' labels and in advertising and marketing materials are "advertising device[s]" under the FAL.

181.    Defendant's labeling and advertising statements, which communicated to

25

consumers that the Products contain the identified natural fruit(s) and concealed the fact that they contain synthetic artificial flavor, were untrue and misleading, and Defendant at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

182.   Defendant's labeling and advertising for Products as natural fruit juice beverages which actually contain substantial amounts of added sugar is deceptive in light of the strong evidence that excessive sugar consumption greatly increases risk of chronic disease. Defendant's conduct violated California's False Advertising Law.

## SEVENTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES

#### CAL. COMM. CODE § 2313

**(on behalf of the California Class and all states with substantially similar laws)**

182.   Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

183.   The Products labels' warrant that the products have "natural flavors."  The Products' front labels also misleadingly advertise by operation of law that the products are flavored only with the listed fruits.

184.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached; the Products are artificially flavored.

185.   Defendant sold the goods to Plaintiff and other consumers who bought the goods from Defendant.

186.   As a result, Plaintiff and other consumers did not receive goods as warranted by Defendant.

187.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified Defendant of such breach.

188.   As a proximate result of this breach, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION

CLASS ACTION COMPLAINT

## BREACH OF IMPLIED WARRANTIES
### CAL. COMM. CODE § 2314

**(on behalf of the California Class and all states with substantially similar laws)**

189.   Plaintiff re-alleges and incorporates the allegations made elsewhere in the Complaint as if set forth in full herein.

190.   Defendant's label representations also created implied warranties that the product was suitable for a particular purpose, specifically as an exclusively naturally-flavored food product containing the advertised fruit juice(s). Defendant breached this warranty.

191.   The Products' front labels misleadingly imply that they are flavored only with the natural ingredients comprising the characterizing flavors. As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Products as naturally-flavored food products. This became part of the basis of the bargain between the parties.

192.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Products as naturally-flavored food products.

193.   This became part of the basis of the bargain between the parties.

194.   Based on the implied warranty, Defendant sold the goods to Plaintiff and other Class members who bought the goods from Defendant.

195.   At the time of purchase, Defendant knew or had reason to know that Plaintiff and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiff justifiably relied on Defendant's skill and judgment.

196.   The Products were not suitable for this purpose.

197.   Plaintiff purchased the Products believing they had the qualities Plaintiff sought, based on the deceptive advertising and labelling, but the Products were actually unsatisfactory to Plaintiff for the reasons described herein.

198.   The Products were not merchantable in California, as they were not of the same quality as other products in the natural food category generally acceptable in the trade.

199.   The Products would not pass without objection in the trade when packaged with their existing label, because the Products were misbranded and illegal to sell in California.  (Cal. Commercial Code, §2314(2)(a).)

200.   The Products also were not acceptable commercially and breached their implied warranty because they were not adequately packaged and labelled as required. (Cal. Commercial Code, §2314(2)(e).)

201.   The Products also were not acceptable commercially and breached their implied warranty because they did not conform to the promises or affirmations of fact made on the container or label.  (Cal. Commercial Code, §2314(2)(f), and other grounds set forth in Commercial Code, §2314.)

202.   By offering the Products for sale and distributing those products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California.  Because the Products were misbranded in several respects and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

203.   As a result of this breach, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendant.

204.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic flavoring ingredients, Plaintiff notified Defendant of such breach.

205.   As a proximate result of this breach of warranty, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

206.   As a result, Plaintiff and the Class, and the general public, are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of funds by which Defendant was unjustly enriched.

## VIII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated in California, and the general public, pray for judgment against Defendant as follows:

A.    An order confirming that this action is properly maintainable as a class action as defined above;

B.    An order appointing Plaintiff as class representative and The Law Office of Ronald A. Marron as counsel for the Class;

C.    An order requiring Defendant to bear the cost of Class notice;

D.    An order declaring that the conduct complained of herein violates the CLRA;

E.    An order declaring that the conduct complained of herein violates the UCL;

F.    An order declaring that the conduct complained of herein violates the FAL;

G.    An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

H.    An order requiring Defendant to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

I.    An order requiring Defendant to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

J.    An award of punitive damages in an amount to be proven at trial;

K.    An order enjoining Defendant's deceptive and unfair practices;

L.    An order requiring Defendant to conduct corrective advertising;

M.    An award of pre-judgment and post-judgment interest;

N.    An award of attorney fees and costs; and

O.    Such other and further relief as this Court may deem just, equitable, or proper.

## IX.    JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

CLASS ACTION COMPLAINT

DATED: October 2, 2018                    Respectfully Submitted,


                                          */s/ Ronald A. Marron*
                                          Ronald A. Marron

                                          **LAW OFFICES OF RONALD A. MARRON**
                                          Ronald A. Marron
                                          *ron@consumersadvocates.com*
                                          Michael T. Houchin
                                          *mike@consumersadvocates.com*
                                          651 Arroyo Drive
                                          San Diego, CA 92103
                                          Telephone: (619) 696-9006
                                          Fax: (619) 564-6665

                                          **PACIFIC TRIAL ATTORNEYS**
                                          A Professional Corporation
                                          SCOTT J. FERRELL (SBN 202091)
                                          sferrell@pacifictrialattorneys.com
                                          4100 Newport Place Drive, Ste. 800
                                          Newport Beach, CA 92660
                                          Tel: (949) 706-6464
                                          Fax: (949) 706-6469

                                          ***Counsel for Plaintiff and the
                                          Proposed Class***

CLASS ACTION COMPLAINT